IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANITA O. BROWN** | : | |
| | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **LVNV FUNDING, LLC, ET. AL.** | : | NO. 24-6412 |
| | : | |
| Defendant. | : | |

## MEMORANDUM

Before this Court are cross motions for summary judgment filed by Plaintiff Anita O. Brown ("Plaintiff") and Defendant LVNV Funding, LLC ("Defendant"). Plaintiff also seeks Rule 11 sanctions against Defendant. For the reasons to be explained below, Plaintiff's motion (Dkt. #25) is denied in its entirety, and Defendant's motion (Dkt. #24) is granted.

Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Tse v. Ventana Med. Sys., Inc.*, 297 F.3d 210, 218 (3d Cir. 2002). This Court "must view the facts in the light most favorable to the non-moving party" and make every reasonable inference in that party's favor. *Hugh v. Butler Cty. Family YMCA,* 418 F.3d 265, 267 (3d Cir. 2005). After drawing those inferences, the relevant inquiry is "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Genuine issues of material fact refer to any reasonable disagreement over an outcome-determinative fact." *In re Energy Future Holdings Corp.*, 990 F.3d 728, 737 (3d Cir. 2021). "The mere existence of a scintilla of evidence in support of the [non-

1

movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Liberty Lobby*, 477 U.S. at 252. "The same standards and burdens apply on cross-motions for summary judgment." *Allah v. Ricci*, 12–4095, 2013 WL 3816043 (3d Cir. July 24, 2013).

"Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the non-moving party must point to some evidence in the record that creates a genuine issue of material fact." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). "In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *See id.* (*citing Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109–10 (3d Cir. 1985). "Where the movant is the defendant, or the party without the burden on the underlying claim, the movant has no obligation to produce evidence negating its opponent's case." *National State Bank v. Federal Reserve Bank of New York*, 979 F.2d 1579, 1582 (3d Cir. 1992). "The moving party merely has to point to the lack of any evidence supporting the non-movant's claim." *Id.*

In her motion for summary judgment, Plaintiff alleges that Defendant has no valid assignment of her debt, no chain of title, and no standing to collect or report [sic]. (Dkt. #25 at 2). Further, Plaintiff alleges that Defendant has no witness with firsthand knowledge. (*Id.*). Plaintiff alleges her refusal to pay the alleged debt was "explicit and documented by May 20, 2024, and in multiple certified letters." (*Id.*). Plaintiff alleges Defendant's evidence is "generic and fails to meet the reasonable investigation standard." (*Id.*). Finally, Plaintiff alleges that Defendant's "[c]ontinued reporting of the debt violate the FDCPA and FCRA." (*Id.*). In its motion, LVNV

2

points the finger back at Plaintiff, alleging that she has failed to provide record evidence in support of any of her claims and that because she bears the burden of proof, that failure justifies the entry of judgment on behalf of LVNV.

But Plaintiff does no more than fall back on the allegations of her complaint. Here, the burden of proof for each cause of action in this case lies exclusively with Plaintiff. Importantly- and dispositively- Plaintiff attaches literally *no* record evidence in support of her claims, for which she bears the burden of proof, in her Motion for Summary Judgment. Further, Plaintiff has not responded in any way to Defendant's Motion for Summary Judgment, let alone in a way that provides record evidence in favor of her position. For that reason, summary judgment on all claims, including Plaintiff's state law claims, in favor of LVNV is appropriate.[1] Further, to the extent there *was* any merit to Plaintiff's state law claims, this Court would have declined to continue to exercise jurisdiction over them upon the dismissal of all claims which raise a federal question.

Defendant's Motion for Summary Judgment is granted, in full, and all claims against Defendant are dismissed with prejudice. Plaintiff's Motion for Summary Judgment and for sanctions is denied. Because Plaintiff has not served the other purported defendant, Credit One Bank, her claim against it is dismissed without prejudice for failure to prosecute. An appropriate order follows.

---

[1] Specifically, this Court agrees with Defendant's assertions that Plaintiff has adduced no evidence, *inter alia*, that: the Account is a "debt" under the FDCPA; that Plaintiff timely provided written notice to defendant under 1962g; that Defendant failed to respond properly under 1962g; that Plaintiff informed Defendant of an unequivocal refusal to pay under 1962c(c); that Defendant made any false or misleading statements; that Defendant is a furnisher of credit information under the FCRA; that she has a private cause of action under §1681s-2(a) or that Defendant violated that section; that Plaintiff has a private cause of action under the PCRAA, FCEUA; that Plaintiff can prove that the Account involved the purchase or lease of goods or services for a personal family or household purposes; that Plaintiff's state tort claims are preempted by FCRA; and that Defendant opened any account in Plaintiff's name.

DATED: July 18, 2025					BY THE COURT:

							_____
							GAIL WEILHEIMER           J.